OPINION of the Court, by
Judge Owsxey.
Smith, the agent of Lynch, sold and conveyed to Holmes and Gill a tract of land in Shelby county, and took from them an obligation for the payment of the purchase mo-ncy; and some time thereafter, for a valuable consideration, assigned the same to Mason, who brought suit thereon, and recovered a judgment at law.
To be relieved against this judgment, and to obtain a cancelment of the contract for the purchase of the land, Holmes and Gill exhibited their bill in equity with an injunction, in which they charge as grounds for setting aside the contract, the existence of execution liens on behalf of Lynch’s creditors, Freeland, Woods and Duke, and the actual sale of part of the purchased premises in virtue of those executions. The answers of the defendants in the court below, the present plaintiffs, admit nothing material to the complainants’ right to relief, but throw them on the proof of the allegations of their bill. The court below on a hearing, being of opinion the complainants liad sufficiently manifested their right to relief, made the injunction perpetual, and decreed the contract to he cancelled.
That decree we are of opinion cannot from the exhibits and evidence in the cause in any point of view it can be considered, be sustained. The record affords not the slightest evidence of a lien in favor of Freeland; there is not even the exhibition of an execution in his his favor ; and although there appears to be a memorandum signed by the name of Lynch, evidencing his having given up a tract of land toM’Clelland to levy an execution on, in favor of Freeland against him, that memorandum has noxlate, and by no legal evidence is shewn to have existed prior to the sale by Smith to the complainants. With respect to the alleged lien in favor of Woods, there is no evidence but what results from a ca. sa. which appears to have issued prior to that date ; blit as that was a writ against the person, and not against the property of Lynch, it is impossible any lien can have been created on his estate thereby. As to Duke, although a fieri fiadas is shewn to have issued prior to the conveyance by Smith for Lynch, the proceedings under that execution appear to have been suspended by an injunction, and no other fieri fiadas is exhibited, *264 which by any passible rule of construction can evince the existence of a lien when the sale was made to the complainants.
Asr therefore, the record is destitute of any evidence from which a lien can be inferred to have existed when the land was sold by Smith, the complainants in the court below, the defendants here, have altogether failed to support the grounds upon which they resorted to equity for relief; and the decree of that court must consequently he reversed with costs, the cause remanded and the bill dismissed with costs.